James B. Conte, Esq. (CA Bar No.  163515)
CR MILES P.C.
10100 Santa Monica Boulevard,
Suite 300
Los Angeles, California 90067
Phone:  (970) 492 0000
Fax:  (970) 492-0003
Email jbconte@crmiles.com

Attorney for Plaintiffs
Nautica Apparel, Inc., and Surf 9 LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Nautica Apparel, Inc., a Delaware corporation and Surf 9 LLC, a Florida limited liability company<br><br>Plaintiffs<br><br><br>v.<br><br>IROCKER INC., a Delaware corporation; and Does 1-10, inclusive,<br><br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES, AND INJUNCTIVE RELIEF:**<br><br>**(1) TRADEMARK INFRINGEMENT UNDER  15 U.S.C. § 1114;**<br>**(2) TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c);**<br>**(3) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**<br>**(4) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, Nautica Apparel, Inc., a Delaware corporation, and Surf 9 LLC, a Florida limited liability company, complain and allege against iRocker Inc., a Delaware corporation, having a business address of 323 Newbury Street Boston, Massachusetts 02115, as follows:

## JURISDICTION AND VENUE

1.     This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq*., and under the laws of California. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 (a), 1338(b) and 1367(a) because the claims stated herein arise under the laws of the United States or are related to such claims and are part of the same case or controversy.

2.     Venue properly lies within this judicial district under 28 U.S.C. §§1391 (b) because the Defendant IRocker Inc. has extensive contacts with, and conducts business within the State of California and this Judicial District; Defendant IRocker Inc has caused stand up paddle boards, of the inflatable type, bearing the infringing mark NAUTICAL to be marketed and sold in this judicial district; the causes of action asserted in the complaint arise out of  Defendant  IRocker Inc's. contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiffs in this judicial district.

3.     With respect to Does 1-10 Venue properly lies in this Judicial District under 28 U.S.C. §§1391 because Does 1-10 have extensive contacts with, and conduct business within the State of California and this Judicial District; Does 1-10 have caused stand up paddle boards, of the inflatable type, bearing the infringing mark NAUTICAL to be marketed and sold in this judicial district; the causes of action

asserted in the complaint arise out of  Does 1-10 contacts with this judicial district; and because Does 1-10 have caused tortious injury to Plaintiffs in this judicial district.

4.    Plaintiffs are informed and believe and, on that basis, allege that this Court has personal jurisdiction over Defendant IRocker Inc because it has extensive contacts with, and conducts business within the State of California and this Judicial District; Defendant IRocker Inc has caused stand up paddle boards bearing the infringing NAUTICAL trademark to be marketed and sold in this judicial district; the causes of action asserted in the complaint arise out of Defendant IRocker Inc.'s contacts with this judicial district including the marketing and sale of the aforementioned paddle boards under the aforementioned mark; and because Defendant iRocker Inc. has caused tortious injury to Plaintiffs in this judicial district.

5.    Plaintiffs are informed and believe and on that basis allege that this Court has personal jurisdiction over Does 1-10 because they have extensive contacts with, and conducts business within the State of California and this Judicial District; Does 1-10 have caused stand up paddle boards bearing the infringing NAUTICAL trademark to be marketed and sold in this judicial district; the causes of action asserted in the complaint arise out of Does 1-10's contacts with this judicial district including the marketing and sale of the aforementioned paddle boards under the aforementioned mark; and because Does 1-10 have caused tortious injury to Plaintiffs in this judicial district.

**PARTIES**

6.    Plaintiff, Nautica Apparel, Inc. ("Nautica Apparel"), a Delaware corporation having a place of business at 1411 Broadway, 21st Floor, New York New York 10018, is registered as a foreign entity to do business in California.

7.    Plaintiff Surf 9 LLC ("Surf 9"), a Florida limited liability company, with a regular place of business at 24850 Old 41 Rd., Suite 10, Bonita Springs, Florida, 34135 is registered to do business in the State of California as a foreign entity.

8.    Defendant, iRocker Inc., ("iRocker") a Delaware corporation, has a regular business address at 323 Newbury Street Boston, Massachusetts 02115.

9.    Plaintiffs are informed and believe that, together with iRocker, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including iRocker) was the agent and servant of the others and acting within the course and scope of said agency and employment.  These other individuals and entities are sued under fictitious names, DOES 1-10, because their true names and capacities are currently unknown to Plaintiffs. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.    Plaintiff Nautica Apparel regularly sells goods in this jurisdiction and throughout the United States through licensees in connection with the mark NAUTICA.

4

11.    The marketing, offering for sale and selling of goods in connection with the mark NAUTICA by licensees under licenses from Nautica Apparel inures to the benefit of Nautica Apparel and qualifies as use of the marks by Nautica Apparel through said marketing, offering for sale and sale of the goods by its licenses in connection with the mark NAUTICA.

12.    None of Nautica Apparel's licensees have a right to independently bring an action in connection with a charge of infringement, dilution, or unfair competition in connection with their license of the NAUTICA mark. Licensor retains the sole discretion as to whether to institute an action in its own name and/or the name of a licensee.

13.    Plaintiff Nautica Apparel owns US Trademark Registration No. 1862585 for the mark NAUTICA, registered November 15, 1994, the registration recites goods including footwear. Exhibit 1, pages 41 to 42. The mark NAUTICA is used in commerce in connection with the aforementioned goods recited in this paragraph by Nautica Apparel directly and/or through its licensees.

14.    US Registration No. 1862585 is valid, subsisting, and enforceable.

15.    Nautica Apparel and/or its licensees have extensively throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited herein in Registration No. 1862585 in connection with the mark NAUTICA since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

16.    The extensive marketing, offering for sale and selling of the goods recited herein in Registration No. 1862585 in connection with the mark NAUTICA has taken place at brick and mortar and online retail and in traditional and electronic media.

17.    As a result of the extensive marketing, offering for sale and sale of the goods recited herein in Registration No. 1862585, in connection with the NAUTICA mark, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10, the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator,  of and a designation of origin for the goods recited herein in connection with Registration No. 1862585.

18.    Plaintiff Nautica Apparel owns US Trademark Registration No. 1580007 for the mark NAUTICA, registered January 30, 1990. Exhibit 1, pages 43 to 45.  The registration recites goods including notebooks, desk top organizers made of leather or imitation leather; umbrellas, luggage, trunks, duffle bags, garment bags for traveling, travel kits and leather boxes in the nature of jewelry boxes; belts and suspenders; the mark NAUTICA is used in commerce in connection with all of the aforementioned goods recited in this paragraph by Nautica Apparel directly and/or through its licensees.

19.    US Registration No. 1580007 is valid, subsisting, and enforceable.

20.    Nautica Apparel and/or its licensees have extensively throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited

herein in Registration No. 1580007 in connection with the mark NAUTICA since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

21.    The extensive marketing, offering for sale and selling of the goods recited herein in Registration No. 1580007 in connection with the mark NAUTICA has taken place at brick and mortar and online retail and in traditional and electronic media.

22.    As a result of the extensive marketing, offering for sale and sale of the goods recited herein in Registration No. 1580007, in connection with the NAUTICA mark since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10, the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for the goods recited herein  with Registration No. 1580007.

23.    Plaintiff Nautica Apparel owns US Trademark Registration No. 1557528 for the mark NAUTICA, registered September 26, 1989. Exhibit 1, pages 46 to 47. The registration recites goods_including perfumes; the mark NAUTICA is used in commerce in connection with all of the aforementioned goods recited in this paragraph by Nautica Apparel directly and/or through its licensees.

24.    US Registration No. 1557528 is valid, subsisting, and enforceable.

25.    Nautica Apparel and/or its licensees have extensively throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited

herein in  Registration No. 1557528 in connection with the mark NAUTICA since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

26.    The extensive marketing, offering for sale and selling of the goods recited herein in Registration No. 1557528 in connection with the mark NAUTICA, has taken place at brick and mortar and online retail and in traditional and electronic media.

27.    As a result of the extensive marketing, offering for sale and sale of the goods recited herein in Registration No. 1557528, in connection with the NAUTICA mark, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10, the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for the goods recited herein in Registration No. 1557528.

28.    Plaintiff Nautica Apparel owns US Trademark Registration 2306324 for the mark NAUTICA, registered January 4, 2000. Exhibit 1, pages 48 to 50.  The registration recites goods including glass and plastic beverageware; dinnerware; candlesticks not of precious metal; the mark NAUTICA is used in commerce in connection with all the aforementioned goods recited in this paragraph by Nautica Apparel directly and or through its licensees.

29.    US Registration No. 2306324 is valid, subsisting, and enforceable.

30.    US Registration No. 2306324 was filed under section 1(b) giving Nautica Apparel a priority date for the goods listed as of the filing date of September 18, 1995.

31.    Nautica Apparel and/or its licensees have extensively throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited herein in  Registration No. 2306324 in connection with NAUTICA since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

32.    The extensive marketing, offering for sale and selling of the goods recited herein in Registration No. 2306324 in connection with the mark NAUTICA has taken place at brick and mortar and online retail and in traditional and electronic media.

33.    As a result of the extensive marketing, offering for sale and sale of the goods recited herein in Registration No. 2306324, in connection with the NAUTICA mark, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10, the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for the goods recited herein in Registration No. 2306324.

34.    Plaintiff Nautica Apparel owns US Trademark Registration No. 3536443 for the mark NAUTICA, registered November 25, 2008. Exhibit 1, pages 51 to 53. The registration recites goods including comforters; bed and table linen; bed blankets; bed linen; bed linen and table linen; bed pads; bed sheets; bed skirts; bedspreads; curtains; shower curtains; bath towels; beach towels; hand towels; towels; washcloths; washing mitts; bath linen; the mark NAUTICA is used in commerce in connection

with all of the aforementioned goods recited in this paragraph by Nautica Apparel directly and/or through its licensees.

35.    US Registration No. 3536443 is valid, subsisting, and enforceable.

36.    Nautica Apparel and/or its licensees have extensively throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited herein in Registration No. 3536443 in connection with the mark NAUTICA since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

37.    The extensive marketing, offering for sale and selling of the goods recited herein in Registration No. 3536443 in connection with the mark NAUTICA has taken place at brick and mortar and online retail and in traditional and electronic media.

38.    As a result of the extensive marketing, offering for sale and sale of the goods recited herein in Registration No. 3536443, in connection with the NAUTICA mark, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10, the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for the goods recited herein in Registration No. 3536443.

39.    Plaintiff Nautica Apparel owns US Trademark Registration No. 3850361 for the mark NAUTICA, registered September 21, 2010. Exhibit 2, pages 73 to 75. The registration recites goods including floating recreational lounge chairs; floats for recreational use, namely, foam floats, swim floats; Inflatable float mattresses or pads

for recreational use; inflatable inner tubes for aquatic recreational use; inflatable mattresses for recreational use; inflatable ride-on toys; kick board flotation devices for recreational use; paddle boards; swim boards for recreational use; swim fins; swim floats for recreational use; swimming aids, namely, pool rings, arms floats for recreational use; the mark is used in commerce in connection with all of the aforementioned goods recited in this paragraph by Nautica Apparel directly and/or through its licensees.

40.    US Registration No. 3850361 is valid subsisting and enforceable.

41.    US Registration No. 3850361 was filed under section 1(b) giving Nautica Apparel a priority date for the goods listed as of the filing date of January 18, 2007.

42.    Nautica Apparel and/or its licensees have extensively, throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited herein in Registration No. 3850361 in connection with the NAUTICA mark since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

43.    The extensive marketing, offering for sale and selling of the goods recited with Registration No. 3850361 in connection with the mark NAUTICA has taken place at brick and mortar and online retail and in traditional and electronic media.

44.    As a result of the extensive marketing, offering for sale and sale, of the goods recited herein in Registration No. 3850361, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10, in connection with the NAUTICA

mark, the relevant trade and the public has come to favorably recognize the mark as being a source indicator of and a designation of origin for the goods recited herein in Registration No. 3850361.

45.    Plaintiff, Surf 9, in April of 2019, entered into a license with Nautica Apparel for the production, distribution, and manufacture of body boards, surfboards, stand up paddle boards, kayaks, floating islands, floating docks and towables for sale through approved distribution channels in the United States and in Canada in connection with the mark NAUTICA.

46.    Surf 9, since June of 2019, as a licensee, extensively, throughout the United States and in commerce, marketed stand up paddle boards, duffle bags for stand up paddle boards, and paddles for stand up paddle boards in connection with the mark NAUTICA, at trade shows, directly to resellers and in traditional and electric media.

47.    Since at least February of 2020, Surf 9 extensively, throughout the United States and in commerce, marketed, offered for sale, and sold stand up paddle boards, , duffle bags for stand up paddle boards, and paddles for stand up paddle boards in connection with the mark NAUTICA.

48.    The stand up paddle boards, duffle bags for stand up paddle boards, and paddles for stand up paddle boards offered for sale, sold and marketed by Surf 9 bore the mark NAUTICA imprinted thereon in exceptionally large font.

49.    The extensive sales of the NAUTICA branded boards, duffle bags for stand up paddle boards, and paddles for stand up paddle boards by Surf 9 were made at trade shows, directly to resellers and through traditional brick and mortar and online stores.

50.    As a result of the extensive marketing, offering for sale since July 2019 and sale of the boards, duffle bags for stand up paddle boards, and paddles for stand up paddle boards since February of 2020 by Licensee Surf 9, in connection with the NAUTICA mark, the relevant trade and the public has come to further favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for  stand up paddle boards, duffle bags for stand up paddle boards, and paddles for stand up paddle boards.

51.    Since at least 2007 knapsack licensee, under license from Nautica Apparel, throughout the United States and in commerce, marketed, offered for sale, and sold knapsacks, in connection with the mark NAUTICA.

52.    Since at least prior to the first use of the mark NAUTICAL by iRocker, knapsack licensee, under license from Nautica Apparel, extensively throughout the United States and in commerce, marketed, offered for sale, and sold knapsacks, in connection with the mark NAUTICA

53.    The knapsacks offered for sale, sold, and marketed by knapsack licensee bore the mark NAUTICA imprinted thereon in exceptionally large font.

54.     The extensive sales of the NAUTICA branded knapsacks by knapsack licensee were through traditional brick and mortar  and online stores.

55.     As a result of the extensive marketing, offering for sale and sale of knapsacks, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10,  by knapsack licensee, in connection with the NAUTICA mark, the relevant trade and the public has come to further favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for Nautica Apparel's knapsacks.

56.     Plaintiff Nautica Apparel owns US Trademark Registration No. 3857163 for the mark NAUTICA, registered October 5, 2010. Exhibit 1, pages 54 to 56.  The registration recites goods including swim goggles and swim masks; the mark NAUTICA is used in commerce in the United States in connection with all of the aforementioned goods recited in this paragraph by Nautica Apparel directly and or through its

57.     US Registration No. 3857163 is valid, subsisting, and enforceable.

58.     US Registration No. 3857163 was filed under section 1(b) giving Nautica Apparel a priority date for the goods listed as of the filing date of January 18, 2007.

59.     Nautica Apparel and/or its licensees have extensively, throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited herein in Registration No. 3857163 in connection with the NAUTICA mark since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

60.    The extensive marketing, offering for sale and selling of the goods recited herein in Registration No. 3857163 in connection with the mark NAUTICA has taken place at brick and mortar and online stores and in traditional and electronic media.

61.    As a result of the extensive marketing, offering for sale and sale of the goods recited herein in Registration No. 3857163, in connection with the NAUTICA mark, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10, the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for the goods recited herein in connection with Registration No. 3857163.

62.    Plaintiff Nautica Apparel owns US Trademark Registration No. 3837562 for the mark NAUTICA, registered August 24, 2010. Exhibit 1, pages 57 to 59. The registration recites goods including bathing suits; belts for clothing; belts made from imitation leather; blouses; dress shirts; dresses; foul weather gear; gloves; hats; jackets; jeans; men's suits; outer jackets; over coats; pajamas; pants; rain coats; robes; scarves; shirts; shorts; skirts; socks; sport coats; sweaters; swim trunks; swimwear; t-shirts; ties; underwear; vests; the mark NAUTICA is used in commerce in the United States in connection with all of the aforementioned goods recited in this paragraph by Nautica Apparel directly and/or through its licensees.

63.    US Registration No. 3837562 is valid, subsisting, and enforceable.

64.    Nautica Apparel and/or its licensees extensively, throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited herein in Registration No. 3837562 in connection with NAUTICA since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

65.    The extensive marketing, offering for sale and selling of the goods recited herein in Registration No. 3837562 in connection with the mark NAUTICA has taken place at brick and mortar and online stores and in traditional and electronic media.

66.    As a result of the extensive marketing, offering for sale and sale of the goods recited herein in Registration No. 3837562, in connection with the NAUTICA mark, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10, the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for the goods recited herein in connection with Registration No. 3837562.

67.    Plaintiff Nautica Apparel owns US Trademark Registration No. 6222704 for the mark NAUTICA, registered December 15, 2020. Exhibit 1, pages 60 to 62. The registration recites goods including tabletop games, chess games, checkers games, puzzle games, jump ropes, exercise weights; ankle, wrist and leg weights for exercise; weight lifting belts and gloves; swim fins; the mark NAUTICA is used in commerce in the United States in connection with all of the aforementioned goods recited in this paragraph by Nautica Apparel directly and or through its  licensees.

68.    US Registration No. 6222704 is valid, subsisting, and enforceable.

69.    US Registration No. 6222704 was filed under section 1(b) giving Nautica Apparel a priority date for the goods listed as of the filing date of April 8, 2019, 2007.

70.    Nautica Apparel and/or its licensees have extensively, throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited herein in  Registration No. 6222704 in connection with the NAUTICA mark since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

71.    The extensive marketing, offering for sale and selling of the goods recited herein in Registration No. 6222704 in connection with the mark NAUTICA has taken place at brick and mortar and online stores and in traditional and electronic media.

72.    As a result of the extensive marketing, offering for sale and sale of the goods recited herein in Registration No. 6222704 in connection with the NAUTICA mark, since at least prior to the first use of the mark NAUTICAL by iRocker, the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for the goods recited herein in connection with the registration.

73.    Plaintiff Nautica Apparel owns US Trademark Registration No. 5802441 for the mark NAUTICA, registered July 9, 2019. Exhibit 1, pages 63 to 65.  The registration recites goods including eyewear; snorkels, diving snorkels, scuba snorkels, face masks for diving, scuba diving masks, scuba goggles, swim goggles,

diving goggles; the mark NAUTICA is used in commerce in the United States in connection with all the aforementioned goods recited in this paragraph by Nautica Apparel directly and or through its licensees.

74.    US Registration No. 5802441 is valid, subsisting, and enforceable.

75.    US Registration No. 5802441 was filed under section 1(b) giving Nautica Apparel a priority date for the goods listed as of the filing date of October 12, 2018.

76.    Nautica Apparel and/or its licensees have extensively, throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited herein in  Registration No. 5802441 in connection with the NAUTICA mark since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

77.    The extensive marketing, offering for sale and selling of the goods recited herein in Registration No. 5802441 in connection with the mark NAUTICA has taken place at brick and mortar and online stores and in traditional and electronic media.

78.    As a result of the extensive marketing, offering for sale and sale of the goods recited herein in Registration No. 5802441 in connection with the NAUTICA mark, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10, the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for the goods recited herein in connection with the registration.

79.  Plaintiff Nautica Apparel owns US Trademark Registration No. 3232846 for the mark NAUTICA, registered April 24, 2007. Exhibit 1, pages 66 to 68.  The registration recites  services including retail store services in the field of wearing apparel, fashion accessories, home fashions, eyewear, luggage and personal care products; the mark NAUTICA is used in commerce in the United States in connection with all of the aforementioned services recited in this paragraph by Nautica Apparel directly and/or through its licensees.

80.  US Registration No. 3232846 is valid, subsisting, and enforceable.

81.  Nautica Apparel and/or its licensees have extensively, throughout the United States and in commerce, marketed, offered for sale, and sold the services recited herein in Registration No. 3232846 in connection with the NAUTICA mark since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

82.  The extensive marketing, offering for sale and selling of the services recited herein in Registration No. 3232846; in connection with the mark NAUTICA has taken place at brick and mortar and online stores and in traditional and electronic media.

83.  As a result of the extensive marketing, offering for sale and sale of the goods recited in Registration No. 3232846 in connection with the NAUTICA mark, since at least the first use of the mark NAUTICAL by iRocker and Does 1-10, the relevant trade and the public has come to favorably recognize the mark NAUTICA as

being a source indicator of and a designation of origin for the services recited herein in connection with the registration.

84.    Plaintiff Nautica Apparel owns US Trademark Registration No. 1873011 for the mark NAUTICA, registered January 10, 1995. Exhibit 1, pages 69 to 71.  The registration recites goods including wallets, hipfold wallets, trifold wallets, key cases, tie cases for travel, shoulder bags, tote bags; clutch bags, carry-on bags; the mark NAUTICA is used in commerce in the United States in connection with all of the aforementioned goods recited in this paragraph by Nautica Apparel directly and or through its licensees.

85.    US Registration No. 1873011 is valid, subsisting, and enforceable.

86.    Nautica Apparel and/or its licensees have extensively, throughout the United States and in commerce, marketed, offered for sale, and sold the goods recited herein in  Registration No. 1873011 in connection with the NAUTICA mark since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

87.    The extensive marketing, offering for sale and selling of the goods recited  in Registration No. 1873011 in connection with the mark NAUTICA has taken place at brick and mortar and online stores and in traditional and electronic media.

88.    As a result of the extensive marketing, offering for sale and sale of the goods recited in Registration No. 1873011 in connection with the NAUTICA mark, since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10,

the relevant trade and the public has come to favorably recognize the mark NAUTICA as being a source indicator of and a designation of origin for the goods recited herein in connection with the registration.

89.     Nautica Apparel's ownership of the valid, subsisting, and enforceable registrations: 1862585, 1580007, 1557528, 2306324, 3536443, 3857163, 3837562, 6222704 , 5802441, 3232846, and 1873011, hereinafter "Registration First Group", provides Nautica Apparel and its licensees the exclusive right to use the mark NAUTICA in connection with the goods recited herein with respect to those registrations; said exclusive right arising prior to any use of the mark NAUTICAL by iRocker and Does 1-10, including on or in connection with stand up paddle boards, duffle bags used with the boards, paddles used with the boards, and pumps used with the boards.

90.     Nautica Apparel's extensive marketing, offering for sale and sale of the goods recited herein in connection with the Registration First Group, hereinafter "Goods First Group", provide Nautica Apparel and its licensees the exclusive right to use the mark Nautica in connection with the Goods First Group; said exclusive right arising prior to any use of the mark NAUTICAL by iRocker and Does 1-10, including on  or in connection with stand up paddle boards, duffle bags used with the boards, paddles used with the boards, and pumps used with the board.

91.     Nautica Apparel's ownership of the valid, subsisting, and enforceable Registration No. 3850361, hereinafter "Registration Second Group", provide Nautica

Apparel and its licensees the exclusive right to use the mark NAUTICA on or in connection with the goods recited herein with respect to that registration; said exclusive right arising prior to any use of the mark NAUTICAL by iRocker and Does 1-10, including on or in connection with stand up paddle boards, duffle bags used with the boards, paddles used with the boards, and pumps used with the boards.

92.    Nautica Apparel's extensive use of the goods recited herein in connection with the Registration Second Group, herein after "Goods Second Group", provide Nautica Apparel and its licensees the exclusive right to use the mark NAUTICA on or in connection with the Goods Second Group;  said exclusive right arising prior to any use of the mark NAUTICAL by iRocker and Does 1-10, including on stand up paddle boards,  duffle bags used with the boards, paddles used with the boards, and pumps used with the boards duffle bags.

93.    Plaintiff Nautica Apparel owns the following US Trademark Registrations for the mark NAUTICA: 1882757, 2865229, 2865300, 3233030, 3841455, 5396745, 5910359, 5957462, 5992424, 6025075; "Registration Third Group". Exhibit 3, pages 76 to 102.

94.    The Registration Third Group registrations are valid, subsisting, and enforceable.

95.    The goods recited in each registration of the Registration Third Group, collectively Goods Third Group, are in use in commerce with the mark NAUTICA by Nautica Apparel and or its licensees; and have been extensively, throughout the

United States and in commerce, marketed, offered for sale, and sold since at least prior to the first use of the mark NAUTICAL by iRocker and Does 1-10.

96.    Nautica Apparel's ownership of the valid, subsisting, and enforceable registrations in the Registration Third Group provides Nautica Apparel and its licensees the exclusive right to use the mark NAUTICA on or in connection with the goods recited with respect to those registrations; said exclusive rights arising prior to any use of the mark NAUTICAL by iRocker and Does 1-10, including on or in connection with stand up paddle boards, backpacks, pumps, paddles, and related goods.

97.    Nautica Apparel's extensive marketing, offering for sale and sale of the goods recited in connection with the Registration Third Group, hereinafter Goods Third Group, provides Nautica Apparel and its licensees the exclusive right to use the mark NAUTICA on or in connection with the Goods Third Group; said exclusive right arising prior to any use of the mark NAUTICAL by iRocker and Does 1-10, including on stand up paddle boards, duffle bags used with the boards, paddles used with the boards, and pumps used with the boards.

98.    The use of the mark NAUTICAL on stand up paddle boards, duffle bags for stand up paddle boards,  paddles for stand up paddle boards and pumps for stand up paddle boards  and the use of the mark NAUTICA on stand up paddle boards, duffle bags for stand up paddle boards,  and paddles for stand up paddle boards are in a natural zone expansion of (1) the goods recited herein in connection with the

Registration First Group, (2) use of the Goods First Group, (3) the goods recited herein in connection with the Registration Second Group exclusive of stand up paddle boards, (4) use of the Goods Second Group, exclusive of stand up paddle boards, (5) the goods recited herein in connection with the Registration Third Group, (6) use of the Goods Third Group and (7) knapsacks.

99.    Surf 9's extensive use of the mark NAUTICA as the licensee of Nautica Apparel on or in connection with stand up paddle boards duffle bags for stand up paddle boards, and paddles for stand up paddle boards was prior to use of the NAUTICAL mark by iRocker and Does 1-10, including for use on or in connection with stand up paddle boards, duffle bags used with the boards, paddles used with the boards, and pumps used with the boards

100.    The use by Surf 9 of NAUTICA further provides Nautica Apparel and licensees of Nautica Apparel the exclusive right to use the mark NAUTICA on or in connection with stand up paddle boards, duffle bags for stand up paddle boards, and paddles for stand up paddle boards.

101.    The exclusive right provided by Surf 9's use of the NAUTICA mark arose prior to any use of the mark NAUTICAL by iRocker and Does 1-10, including on or in connection with stand up paddle boards, duffle bags used with the boards, paddles used with the boards, and pumps used with the boards.

102.    Knapsack licensee's extensive use of the mark NAUTICA in connection with knapsacks was prior to use of the NAUTICAL mark by iRocker and Does 1-10,

including on or in connection with stand up paddle boards, duffle bags used with the boards, paddles used with the boards, and pumps used with the boards.

103.   The use on knapsacks  further provides Nautica Apparel and licensees of Nautica Apparel the exclusive right to use the mark NAUTICA on or in connection with knapsacks.

104.   The exclusive right to use the NAUTICA mark on or in connection with knapsacks arose prior to any use of the mark NAUTICAL by iRocker and Does 1-10, including on or in connection with stand up paddle boards, backpacks, duffle bags, knapsacks, pumps, paddles, and related goods.

105.   Nautica Apparel uses its mark NAUTICA on a wide and numerous variety of goods; all of which are extensively, throughout the United States and Canada, used in commerce, marketed, offered for sale, and sold in connection with the mark NAUTICA.

106.   As a result of the long,  extensive marketing, offering for sale, and selling of goods in connection with the mark NAUTICA by Nautica Apparel and/or licensees, said goods including,  knapsacks, the Goods First Group, the Goods Second Group, exclusive of stand up paddle boards,  and the Goods Third Group, the mark NAUTICA enjoys a widespread favorable reputation and recognition by the public, including amongst purchasers of stand up paddle boards, duffle bags for stand up paddle boards, paddles for stand up paddle boards and pumps for stand up paddle boards.

107.  iRocker and Does 1-10 have regularly caused and cause the mark NAUTICAL to be used to advertise, promote, market, offer for sale, and sell stand up paddle boards,  duffle bags used with the boards, paddles used with the boards, and pumps used with the boards in commerce throughout the United States including California and in this judicial district.

108.  The mark NAUTICA and NAUTICAL are virtually identical in appearance, sound, connotation, and commercial impression.

109.  The marketing, offer for sale, and sale of the goods used with the mark NAUTICAL and the goods used with the mark NAUTICA both take place at brick and mortar and online stores and in traditional and electronic media.

110.  The stand up paddle boards, used with the mark NAUTICAL by iRocker and Does 1-10 are similar, as shown below, to the stand up paddle boards used with the mark NAUTICA by Surf 9 as licensee of Nautica Apparel. For example, the goods have the same function and structure, and compete with each other in the marketplace, and have substantial overlap in marketing and trade channels.



iRocker Nautical Paddle Board          Nautica Apparel Nautica Paddle Board

111.   The duffle bags used with the stand up paddle boards and paddles used with the boards, used in connection with mark NAUTICAL by iRocker and Does 1-10 are similar, as shown above, to the duffle bags used with the stand up paddle boards and paddles used with the boards, used with the mark NAUTICA by Surf 9 as licensee to Nautica Apparel. For example the goods have the same function and structure, and compete with each other in the marketplace, and have substantial overlap in marketing and trade channels.

112.   The pumps used with the stand up paddle boards, in connection with mark NAUTICAL by iRocker and Does 1-10 are similar, as shown above,  to the stand up paddle boards, duffle bags used with the stand up paddle boards, and paddles used with the boards, used in connection with  the mark NAUTICA by Surf 9 as licensee to Nautica Apparel. For example the goods are used together and have substantial overlap in marketing and trade channels.

113.   The similarity between the mark NAUTICA and NAUTICAL and the similarity between the stand up paddle boards used with the mark NAUTICA and the stand up paddle boards and pumps used with the boards, used with the mark NAUTICAL are sufficiently great that they are likely to be encountered by the same persons under circumstances that give rise to the mistaken belief that the NAUTICAL stand up paddle boards and pumps and the NAUTICA stand up paddle boards come

from the same source, or the NAUTICAL stand up paddle boards and pumps are otherwise sponsored by or associated with the source of NAUTICA.

114.    The similarity between the mark NAUTICA and NAUTICAL and the similarity between the duffle bags used with the stand up paddle boards, and paddles used with the boards, used with the mark NAUTICA and the duffle bags used with the stand up paddle boards, paddles used with the boards, and pumps used  with the boards, used with the mark NAUTICAL, are sufficiently great that they are likely to be encountered by the same persons under circumstances that give rise to the mistaken belief that these goods and the NAUTICA stand up paddle boards, duffle bags used with the boards,  and paddles used with the boards,  emanate from the same source, or that these NAUTICAL goods are otherwise sponsored by or associated with the source of NAUTICA.

115. The similarity between the mark NAUTICA and NAUTICAL  and the similarity between  knapsacks used with the mark NAUTICA and the stand up paddle boards, duffle bags used with the stand up paddle boards, paddles used with the boards, and pumps used with the boards, hereinafter the   NAUTICAL Goods, including in terms of the relatedness of goods and trade channels and marketing, are sufficiently great that they are likely to be encountered by the same persons under circumstances that give rise to the mistaken belief that the NAUTICAL Goods  and NAUTICA knapsacks emanate from the same source, or that the NAUTICAL Goods are otherwise sponsored by or associated with the source of NAUTICA.

116.   The similarity between the mark NAUTICA and NAUTICAL and the similarity between the Goods Second Group, exclusive of stand up paddle boards, and the NAUTICAL Goods, in terms of the relatedness of goods and trade channels and marketing, are sufficiently great that they are likely to be encountered by the same persons under circumstances that give rise to the mistaken belief the NAUTICAL Goods and the NAUTICA Goods Second Group, exclusive of paddle boards, come from the same source, or that the NAUTICAL Goods are otherwise sponsored by or associated with the source of NAUTICA.

117.   The goods, hereinafter "Goods Fourth Group", listed below are, as indicated above, registered for use with the mark NAUTICA under various registrations in the Registration First group; footwear; duffle bags; beach towels; swim goggles, swim masks; swim trunks, swim wear; jump ropes, exercise weights; ankle, wrist and leg weights for exercise; weightlifting belts and gloves, swim fins, shoulder bags, tote bags; clutch bags, carry-on bags; eyewear; snorkels, diving snorkels, scuba snorkels, face masks for diving, scuba diving masks, scuba goggles, diving goggles; and retail store services for luggage.

118.   The similarity between the mark NAUTICA and NAUTICAL and the similarity between The Goods Fourth Group, and the NAUTICAL Goods, including in terms of the relatedness of goods and trade channels and marketing, are sufficiently great  that they are likely to be encountered by the same persons under circumstances that give rise to the mistaken belief the NAUTICAL Goods and the NAUTICA Goods

Fourth Group come from the same source, or the NAUTICAL Goods are otherwise sponsored by or associated with the source of NAUTICA.

119.   The similarity between the marks NAUTICA and NAUTICAL,  and the fame of the NAUTICA mark and/or the variety of goods used with the mark NAUTICA, means the similarity between the Goods First Group, the Goods Second Group, exclusive of stand up paddle boards,  the Goods Third Group, and the Goods Fourth Group used with NAUTICA, and the NAUTICAL Goods, including in terms of the goods relatedness and channels of trade, and marketing, are sufficiently great that they are likely to be encountered by the same persons under circumstances that give rise to the mistaken belief that the NAUTICAL Goods and the NAUTICA Goods First Group, Goods Second Group,  exclusive of stand up paddle boards,  Goods Third Group, and Goods Fourth Group come from the same source, or that the NAUTICAL Goods are otherwise sponsored by or associated with the source of NAUTICA.

120.   The sale or offer for sale  and marketing by iRocker and Does 1-10 of the NAUTICAL Goods, and the receipt of funds solicited under the mark NAUTICAL will also blur and diminish the distinctive quality of the NAUTICA mark and lessen its capacity to identify and distinguish the products and services of Nautica Apparel and its licensees.

121.   Use by iRocker and Does 1-10 of the mark NAUTICAL is without Nautica Apparel's consent or permission.

122.   Upon information and belief iRocker, since at least May 2020, with knowledge of Plaintiff's NAUTICA mark and in willful disregard of Nautica Apparel's rights, is engaging in a deliberate course of conduct designed to appropriate the goodwill associated with NAUTICA mark.

123.   Defendant iRocker has, on information and belief, since at least May 2020, intentionally and willfully attempted to trade upon the goodwill associated with the NAUTICA mark.

124.   iRocker's and Does 1-10's  use of the NAUTICAL mark, which is confusingly similar to the NAUTICA mark will irreparably harm Plaintiff by diminishing the reputation and goodwill of Nautica Apparel's NAUTICA mark.

### FIRST CAUSE OF ACTION (Federal Trademark Infringement under 15 U.S.C. § 1114 against Defendant iRocker and Does 1-10

125.   Plaintiffs hereby incorporate by reference each and every allegation contained in the paragraphs above as if fully stated herein.

126.   The actions of iRocker and Does 1-10  described above concerning their unauthorized use of the NAUTICAL mark in commerce to advertise, promote, market, and sell the NAUTICAL Goods in commerce throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. § 1114.

127.   The actions of iRocker and Does 1-10  regarding NAUTICAL, if not enjoined, will continue. The actions have and will continue to harm  the NAUTICA

mark including harm to the goodwill associated with the mark and dilution of the mark and injury to Plaintiff's business. Plaintiff Nautica Apparel is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

128.   Plaintiff Nautica Apparel, because of the actions of iRocker and Does 1-10, has suffered  and continues to suffer damages consisting of, among other things lost sales and harm to the mark and its business. Pursuant to 15 U.S.C. § 1117, Plaintiff Nautica Apparel is entitled to recover its damages from iRocker and does 1-10 in an amount to be proven at trial and costs of this action.

129.   Plaintiff Surf 9, because of the actions of iRocker and Does 1-10, has suffered damages, including lost sales. Pursuant to 15 U.S.C. § 1117, Plaintiff  Surf 9 is entitled to recover its damages from iRocker and does 1-10  in an amount to be proven at trial and costs of this action.

130.   Pursuant to 15 U.S.C. § 1117, Plaintiff Nautica apparel is entitled to disgorgement of profits obtained by iRocker and Does 1-10  on sales of NAUTICAL Goods, and the costs of this action.

131.   Furthermore, Plaintiffs are informed and believe, and on that basis allege, that the actions of iRocker since at least May 2020 have been undertaken knowingly, willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiffs to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION(Federal Trademark Dilution under 15 U.S.C. §1125(c), against Defendant iRocker and Does 1-10)

132.   Plaintiffs hereby incorporate by reference each and every allegation contained in the paragraphs above as if fully stated herein.

133.   The actions of iRocker and Does 1-10 described above and specifically, without limitation, their unauthorized use of the NAUTICAL mark in commerce to advertise, market, and sell the NAUTICAL Goods in commerce throughout the United States including California, are likely to cause dilution by blurring and tarnishing in violation of 15 U.S.C. § 1125(c).

134.   The actions of iRocker and Does 1-10, if not enjoined, will continue. The actions have and will continue to harm the NAUTICA mark including diminution to the goodwill associated with the mark and dilution of the mark and injury to Plaintiff's business. Plaintiff Nautical Apparel is therefore entitled to injunctive relief pursuant to 15 U.S.C. §1116.

135.   Plaintiff Nautica Apparel, because of the actions of iRocker and Does 1-10, has suffered and continues to suffer damages consisting of, among other things lost sales and harm to the mark. Pursuant to 15 U.S.C. § 1117, Plaintiff Nautica Apparel is entitled to recover damages from iRocker and does 1-10  in an amount to be determined at trial and cost of this action.

136.   Plaintiff  Surf 9 because of the actions of iRocker and Does 1-10, has suffered and continues to suffer damages consisting of, among other things lost.

Pursuant to 15 U.S.C. § 1117, Plaintiff Surf 9 is entitled to recover damages from iRocker and does 1-10  in an amount to be determined at trial and costs of the action.

137.   Plaintiff Nautica apparel is entitled to disgorgement of profits obtained by iRocker and Does 1-10  on sales of NAUTICAL Goods, and the costs of this action pursuant to 15 U.S.C. § 1117.

138.   Furthermore, Plaintiffs are informed and believe, and on that basis allege, that the actions of iRocker since at least May 2020 have been undertaken knowingly, willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiffs to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION(Federal Unfair Competition 15 U.S.C. § 1125(a), against Defendant iRocker and Does 1-10)

139.   Plaintiffs hereby incorporate by reference each and every allegation contained in the paragraphs above as if fully stated herein.

140.   iRocker's and Does 1-10's  actions described above and specifically, without limitation, their use of the NAUTICAL trademark in commerce to advertise, market, and sell the NAUTICAL Goods in commerce throughout the United States including California constitute unfair competition in violation of 15 U.S.C. § 1125(a).

141.   The actions of iRocker and Does 1-10 , if not enjoined, will continue. Plaintiff Nautica Apparel has suffered and continues to suffer damages of, among

other things, diminution in the value of and goodwill associated with the NAUTICA mark, and injury to Plaintiff's business.  Plaintiff Nautica Apparel is therefore entitled to injunctive relief pursuant to 15 U.S.C. §1116.

142.   Plaintiff Nautica Apparel, because of the actions of iRocker and Does 1-10, has suffered and continues to suffer damages consisting of, among other things lost sales and harm to the mark. Pursuant to 15 U.S.C. § 1117, Plaintiff Nautica Apparel is entitled to recover damages from iRocker and does 1-10  in an amount to be determined at trial and cost of this action pursuant to 15 U.S.C. §1117.

143.   Plaintiff Surf 9 because of the actions of iRocker and Does 1-10, has suffered and continues to suffer damages consisting of, among other things lost sales. Pursuant to 15 U.S.C. § 1117, Plaintiff  Surf 9 is entitled to recover damages from iRocker and Does 1-10  in an amount to be determined at trial and cost of this action pursuant to 15 U.S.C. §1117.

144.   Furthermore, Plaintiffs Surf 9 and Nautica Apparel are informed and believe, and on that basis allege, that iRocker's conduct since at least May 2020 was undertaken knowingly, willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiffs Surf 9 and Nautica Apparel to recover additional treble and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION(Unfair Competition under California Business and Professions Code § 17200 against iRocker and Does 1-10 )

145.    Plaintiffs hereby incorporate by reference each and every allegation contained in the paragraphs above as if fully stated herein.

146.    iRocker's and Does 1-10  actions described above and specifically, without limitation, Defendant's use of the NAUTICAL mark in commerce to advertise, market, and sell the NAUTICAL Goods in commerce throughout the United States and California constitute trademark infringement, false advertising, and unfair competition in violation of Cal. Bus. & Prof. Code § 17200.

147.    iRocker's actions have been knowing, willful and intentional since at least May 2020.

148.    As a result of iRocker's and Does 1-10  wrongful conduct, Plaintiffs Nautica Apparel and Surf 9 have suffered actual damages.

149.    Unless iRocker and Does 1-10 are restrained, Plaintiff Nautica Apparel will continue to suffer irreparable damage. Accordingly, Plaintiff Nautica Apparel is entitled to injunctive relief.

150.    Plaintiffs Surf 9 and Nautica Apparel are entitled to recover from iRocker and Does 1-10 its actual damages to be proven at trial because of iRocker's and Does 1-10's wrongful conduct.

151.   Plaintiff Nautica Apparel is still further entitled to recover from iRocker and Does 1-10  the gains, profits, and advantages iRocker and Does 1-10  have obtained as a result of their wrongful conduct, all to be proven at trial.

152.   Because of the willful and deliberate nature of Defendant iRocker's wrongful conduct, Plaintiffs Surf 9 and Nautica Apparel are entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Nautica Apparel and Surf 9 pray that this Court enter judgment against iRocker and Does 1-10 as follows:

1.    For damages for both Surf 9 and Nautica Apparel in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114/Lanham Act § 43(a);

2.    For damages for both Surf 9 and Nautica Apparel in an amount to be proven at trial for unfair competition under 15 U.S.C. § 1125(a);

3.    For damages for Nautica Apparel in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

4.    For damages for both Surf 9 and Nautica Apparel in an amount to be proven at trial for unfair, fraudulent, and illegal business practices under Cal. Bus. & Prof. Code § 17200;

5.    For Nautica Apparel, disgorgement of  iRocker's and Does 1-10's profits under 15 U.S.C. § 1117(a);

6.      For Nautica Apparel and Surf 9, against iRocker only enhanced damages for willful and intentional infringement under pursuant 15 U.S.C. § 1117

7.      For Nautica Apparel, injunctive relief barring iRocker and Does 1-10 and their agents employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with it, from doing, abiding, causing or abetting any direct or indirect use of the mark NAUTICAL or any confusingly similar trademarks in any way, including in advertising, promoting, or selling Defendant's products and services, which infringe upon Plaintiff's rights or compete unfairly with Plaintiff;

8.      For Nautica Apparel, an order from the Court requiring that iRocker and Does 1-10 provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into or as equity requires;

9.      For both Surf 9 and Nautica Apparel, an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in iRocker's and Does 1-10's possession which rightfully belong to Plaintiffs

10.     For both Surf 9 and Nautica Apparel, destruction of the infringing articles in iRocker's and Does 1-10's  possession, custody or control under 15 U.S.C. § 1118;

11.     For both Surf 9 and Nautica Apparel, all costs of suit

12.     For both Surf 9 and Nautica Apparel against iRocker only their attorney's fees; and

13.    For both Surf 9 and Nautica Apparel, such other and further relief as the Court may deem just and equitable.


Dated: June 16, 2022                    Respectfully submitted,

                              By:    _____
                                     James B. Conte
                                     *Attorney for Plaintiffs*
                                     Nautica Apparel
                                     Surf 9



## REQUEST FOR JURY TRIAL

Plaintiffs request trial by Jury on all issues so triable.


Dated: June 16, 2022            _____
                                James B. Conte
                                *Attorneys For Plaintiffs*
                                Nautica Apparel
                                Surf 9